**VERACON CORP., Appellant,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee,**

**O'HARE–MIDWAY LIMOUSINE SERVICE, INC., Intervenor for Appellee.**

**No. 00–1112.**

United States Court of Appeals, District of Columbia Circuit.

Feb. 21, 2001.

---

Before KAREN LECRAFT HENDERSON, RANDOLPH, and GARLAND, Circuit Judges.

## JUDGMENT

This cause was considered on appeal of an order of the Federal Communications Commission, the record of the Commission and the briefs and arguments of counsel. The issues presented no need for a written opinion, though they have been fully considered by this court. *See* D.C. CIR. R. 36(b). Upon consideration by this court, it is

ORDERED and ADJUDGED that the Commission's order *In re Application of Quatron Communications, Inc.,* 15 F.C.C.R. 4749 (2000), is affirmed. The Commission reasonably weighed the written materials presented by both parties, concluding that the statements provided by the petitioner were insufficient because they came from interested witnesses and provided evidence of only sporadic monitoring of the frequency. Further, the Commission's conclusion to accept unsworn testimony from Quatron was reasonable in light of federal statutes that penalize false statements in federal proceedings. *See, e.g.,* 18 U.S.C. § 1001. We do not set aside the Commission's factual conclusions when they are reached by a reasonable process and are supported by evidence on the record. *See Damsky v. FCC,* 199 F.3d 527, 533–34 (D.C.Cir.2000); *Galaxy Communications, Inc. v. FCC,* 957 F.2d 873, 878 (D.C.Cir.1992).

The Commission's conclusion that Quatron's license had not expired is consistent with its regulations. Those regulations provide that "[a] station license shall cancel automatically upon permanent discontinuance of operations" and that a "station which has not operated for one year or more is considered to be permanently discontinued." 47 C.F.R. § 90.157 (1999). Quatron's license included both the Hinsdale location and the Sears Tower location. Because operations at the Hinsdale location were never discontinued, the Commission concluded that Quatron's license could not have automatically canceled, regardless of the discontinued operation of the Sears Tower location. The regulatory language does not specifically refer to licenses which permit more than one location and the Commission is free to conclude that a multiple location license does not cancel in whole or in part when only one of the locations remains in operation. *See Martin v. OSHRC,* 499 U.S. 144, 150–51, 111 S.Ct. 1171, 113 L.Ed.2d 117 (1991); *Buffalo Crushed Stone, Inc. v. Surface Transp. Bd.,* 194 F.3d 125, 128 (D.C.Cir.1999). As Quatron's license permitting operations from both Hinsdale and the Sears Tower was never canceled, it was unnecessary for the Commission to treat its application for a modified license permitting a location at the nearby Standard Oil Building as a new frequency assignment application. The Commission reasonably concluded that Quatron's frequency coordination statement was sufficient for Quatron's requested license modification. *See* 47 C.F.R. § 90.175 (requiring frequency coordination statement for "each application for a new frequency assignment.")

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See* D.C. Cir. R. 41(a)(1).